MARK G. SIMONS, ESQ.
Nevada Bar No. 5132
BRAD M. JOHNSTON, ESQ.
Nevada Bar No. 8515
AHall@SHJNevada.com
DUNCAN G. BURKE, ESQ.
Nevada Bar No. 13081
DBurke@SHJNevada.com
SIMONS HALL JOHNSTON PC
22 State Route 208
Yerington, Nevada 89447
Telephone: (775) 463-9500
Facsimile: (775) 463-4032

*Attorneys for Polymer80, Inc.*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>POLYMER80 Inc.,<br><br>Debtor. | Case No.: BK-25-50566-HLB<br><br>Involuntary Chapter 7 Case<br><br>**MOTION TO DISMISS INVOLUNTARY CHAPTER 7 PETITION**<br><br>Hearing Date: 8/6/25 at 10:30 AM |

    Polymer80 Inc. ("Polymer80"), by and through its counsel, Simons Hall Johnston PC, hereby moves to dismiss the involuntary chapter 7 petition (the "Petition") filed by Stryk Group Fund ("SGF") pursuant to 11 U.S.C. § 305(a).

    In support of the Motion, Polymer80 submits the following memorandum of points and authorities, the Declaration of Duncan Burke (the "Burke Declaration"), the papers and pleadings on file herein, and any oral argument that the Court may allow. In addition, Polymer80 requests that this Court take judicial notice of papers and pleadings on file in Case No. 23-CV-0527, currently pending in the Third Judicial District Court of the State of Nevada in and for the County of Lyon (the "Lyon County Action"), and which are attached hereto as exhibits. Fed. R. Evid. 201.

/ / /

1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   STATEMENT OF FACTS**

1. SGF initiated the Lyon County Action premised on the alleged debt owed to them by Polymer80 on March 10, 2023. *See* Declaration of Duncan G. Burke, attached hereto as **Exhibit 1**, and Lyon County Action Complaint, attached hereto as **Exhibit 2**.

2. The debt alleged by SGF in the Lyon County Action is identical to the debt alleged in the Petition and is based on Promissory Notes (the "Promissory Notes"). *See* Ex. 2 ¶¶ 8-9; *cf.* ECF No. 1 at 3.

3. Along with the Complaint, SGF filed an Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction (the "Emergency Motion"), as well as an Application for Pre-Judgment Writ of Attachment ("Application for Pre-Judgment Writ"), copies of which are attached hereto as **Exhibit 3** and **Exhibit 4**.

4. The Emergency Motion and the Application for Pre-Judgment Writ were fundamentally defective, failed to meet threshold requirements for filing, and were denied on July 14, 2023. *See* Order Denying Emergency Relief, attached hereto as **Exhibit 5**.

5. Through discovery conducted between the filing of the Emergency Motion and the Order Denying Emergency Relief, Polymer80 discovered that the Promissory Notes were fraudulently obtained. *See* Ex. 1.

6. Polymer80 discovered that the Promissory Notes had been fraudulently procured, and that SGF was receiving kickbacks detrimental to Polymer80 while it had an ownership interest in Polymer80. *See* First Amended Answer and Counterclaim, attached hereto as **Exhibit 6**, at ¶¶ 15-49.

7. On October 12, 2023, the Third Judicial District Court set trial for the Lyon County Action to take place on November 12, 2024 (the "2024 Trial Date"). *See* Case Management and Trial Scheduling Order, attached hereto as **Exhibit 7**.

8. In the lead up to the 2024 Trial Date, SGF failed to prosecute the case and failed to produce emails responsive to discovery requests made by Polymer80, stating that it had "retained an IT professional to assist with such extraction and transfer and such efforts are ongoing. SGF believes

that this will be accomplished within two-weeks [sic] and it will supplement its disclosures and these responses accordingly." *See* Ex. 1; *see also* SGF's Responses to Polymer80's First Requests for Production, dated January 2, 2024, attached hereto as **Exhibit 8**, at 5:1-6:27, 7:13-21, 8:11-20, 8:21-9:2, 9:20-11:21.

9. SGF did not produce responsive emails (the "Emails") within two weeks and to-date has never produced the Emails. Ex. 1.

10. Due in part to SGF's failure to provide discovery responses, on October 14, 2024, the 2024 Trial Date was continued to August 19, 2025 (the "2025 Trial Date"). *See* Amended Case Management Trial Scheduling Order, attached hereto as **Exhibit 9**.

11. On March 4, 2025, Polymer80 amended its counterclaim (the "Counterclaim") to assert claims against Charles "Chase" Myers ("Chase Myers"), who, while Polymer80's chief legal officer and corporate secretary, received kickbacks from third parties who did business with Polymer80, and also helped draft the Equity Purchase Agreement (the "EPA") – the agreement resulting in the Promissory Notes – in favor of SGF, ignoring his direct conflict of interest as a fiduciary of Polymer80. *See* Second Amended Answer to Complaint and Counterclaim, attached hereto as **Exhibit 10**, ¶¶ 15, 16 18, 21, 23, 28-38, 41, 42, 45, 46, 49-51, 56-59, 71-74, 80-83.

12. In the lead up to the 2025 Trial Date, SGF failed to prosecute the case and continued to fail to produce the Emails. *See* Ex. 1.

14. By June 11, 2025, Polymer80 had waited eighteen months for SGF to produce the Emails, and it filed a motion to compel production of the Emails. *See* Motion to Compel, attached hereto as **Exhibit 11**.

15. SGF opposed the Motion to Compel on June 23, 2025, conceding that the Emails were discoverable, but SGF did not produce any of the Emails to Polymer80. *See* Opposition to Motion to Compel, attached hereto as **Exhibit 12**.

16. On June 23, 2025, SGF filed the Petition. ECF No. 1.

17. On July 3, 2025, Polymer80 filed its reply in support of its Motion to Compel and submitted the motion to the Third Judicial District Court for decision. *See* Ex. 1; *see also* Reply in Support of Motion to Compel, attached hereto as **Exhibit 13**.

3

18. On June 10, 2025, the court in the Lyon County Action stayed the case pending further Order of the United States Bankruptcy Court, District of Nevada. *See* Order Staying Matter Pending Bankruptcy, attached hereto as **Exhibit 14**. All dates, including the 2025 Trial Date, were vacated. *Id.*

## II. LEGAL STANDARD

The Court has discretion to determine that an involuntary case should be dismissed. *Wechsler v. Macke Int'l Trade, Inc.* (*In re Macke Int'l Trade, Inc.*), 370 B.R. 236, 246 (B.A.P. 9th Cir. 2007) ("§ 305(a) provides that the bankruptcy court may dismiss an involuntary case, or suspend all proceedings in that case, and thereby decline to exercise that jurisdiction.").

Section 303 of the Bankruptcy Code provides that a single creditor with a claim that is higher than $21,050 may commence an involuntary bankruptcy case against a person with fewer than 12 creditors *if the claim is not the subject of a "bona fide dispute as to liability or amount."* 11 U.S.C. § 303(b)(1)-(2) (emphasis added). A bona fide dispute exists if there "is an objective basis for either a factual or a legal dispute as to the validity of the debt." *In re Vortex Fishing Systems, Inc.* ("*Vortex*"), 277 F.3d 1057, 1064 (9th Cir. 2002) (citation omitted).

In *Vortex*, the Ninth Circuit adopted the "objective test" first set out in *In re Lough* ("*Lough*"), 57 B.R. 993, 996-997 (Bkrtcy. E. D. Mich. 1986) for determining if a bona fide dispute exists. "[I]f there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then the petition must be dismissed." *Id.* "The court's objective is to ascertain whether a dispute that is bona fide exists; the court is not to actually resolve the dispute." *In re Rimell*, 946 F.2d 1363, 1365 (8th Cir. 1991) (citation omitted). "A creditor does not have standing to file an involuntary Chapter 7 petition if its claim is 'contingent as to liability or the subject of a bona fide dispute." *In re Seko Inv., Inc.* ("*Seko Inv.*"), 156 F.3d 1005, 1007 (9th Cir. 1998) (citing 11 U.S.C. § 303(b)).

In addition, "[c]reditors must show that 'the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute." *Seko Inv.*, 156 F.3d at 1009 (citing 11 U.S.C. § 303(h)(1)). "It is possible that the petitioning creditor (whose claim is subject to a bona fide dispute under section 303(b)) may be a creditor whose claim is

4

excluded from the calculation of the 'generally not paying' standard under section 303(h), for example because of the existence of a counterclaim." *In re Betterroads Asphalt, LLC*, 594 B.R. 516, 543 (D. Puerto Rico, 2018).

The Court may grant a judgment against the petitioners in favor of the debtor for costs or attorneys' fees. 11 U.S. C. § 303(i). Further, where a petitioner has filed a petition in bad faith, the Court may award "any damages proximately caused by such filing" or "punitive damages." *Id.*

### III. ANALYSIS

SGF filed the Petition in bad faith in a blatant (and successful) attempt to shirk its discovery obligations and delay trial in the Lyon County Action. The Court should not only dismiss the Petition, but should also award Polymer80 its attorneys' fees and costs, and enter an order for punitive damages against SGF for its misconduct.

#### A. The Lyon County Action Demonstrates a Bona Fide Dispute Exists

The Lyon County Action, which has been pending for over two years, constitutes a bona fide dispute that precludes the continuation of the Petition. In the Lyon County Action, Polymer80 alleges that it was fraudulently induced to enter the Promissory Notes, and one of the remedies sought by Polymer80 is rescission of the EPA and the Promissory Notes. Consequently, Polymer80's success on its Counterclaim against SGF will serve as a complete defense to the payment of the Promissory Notes.

SGF must demonstrate that no bona fide dispute exists. *See In re Rubin*, 769 F.2d 611, 615 (9the Cir. 1985) (providing that the burden is on the petitioning creditor to show that no bona fide dispute exists). It has not done so, and the procedural history and filings of the Lyon County Action demonstrate that it cannot do so. As stated succinctly in *Vortex*, "the existence of affirmative defenses may suggest that a bona fide dispute exists." 277 F.3d at 1067 (citing 2 L. King, Collier on Bankruptcy, ¶ 303.03(2)(b)(I), at 303-23 (15th ed. Rev. 1998); *Seko Inv.*, 156 F.3d at 1008 (stating that § 303(b)(1) is concerned not with "who ultimately owes money to whom[;] rather, it is concerned with whether the creditor's claim is disputed.").

In *Seko Inv.*, 156 F.3d at 1008, the Ninth Circuit noted that a counterclaim can demonstrate a bona fide dispute where such "counterclaim arises only out of the same transaction which forms

5

the basis of the creditor's claim." Here, the Counterclaim arises from the exact same transaction which forms the basis of SGF's claims and creates a bona fide dispute.[1]

In its answer to the Complaint, Polymer80 asserts the following relevant affirmative defenses:

> 6. [SGF's] claims are barred because [SGF] fraudulently procured Note #1, Note #2, and the Security Agreement.
>
> 7. [SGF's] claims are barred because [SGF] fraudulently procured the [EPA] that resulted in the execution of [the Promissory Notes] and the Security Agreement.
>
> 11. [Polymer80] is entitled to rescission of the Equity Purchase Agreement, [the Promissory Notes], and the Security Agreement.

Ex. 10 at 3:19-22; 7:1-2. Polymer80's affirmative defenses accordingly demonstrate that a bona fide dispute exists.

In addition, Polymer80 alleges fraud in the inducement against SGF in the Counterclaim. *See* Ex. 10 at 11. Under Nevada law, a party may be awarded rescission if it demonstrates fraudulent inducement. *See Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 622-23, 173 P.3d 707, 713 (2007) ("We conclude that this evidence is adequate to support the district court's finding that [Defendant] fraudulently induced [Plaintiff] to enter into the agreement. Therefore, we conclude that the district court acted within its discretion when it rescinded the agreement."). Polymer80 has requested "rescission of the EPA and related documents, including the promissory notes resulting from the EPA" as part of its prayer for relief in the Counterclaim. Ex. 10 at 15:7-8.

As set forth in *Lough*, "the Court must emphasize that in deciding whether there is a bona fide dispute, it must not resolve any genuine issues of fact or law." 57 B.R. at 997. If the Court determines that a bona fide dispute exists, then it may dismiss the Petition without getting to the merits of the bona fide dispute. The Lyon County Action is a prima facie bona fide dispute over

---

[1] The counterclaim in *Seko Inv.* did not compel the same result because, unlike here, that counterclaim didn't "dispute the validity of [the creditor's] claim under the notes." *Id.* at 1009.

6

SGF's claim. Polymer80's affirmative defenses and direct claims against SGF demonstrate that the Petition was wrongfully filed.

### B. SGF Has Not Demonstrated that Polymer80 is Generally Not Paying its Debts

In addition to the foregoing, SGF has not demonstrated that Polymer80 is <u>generally</u> not paying its debts. SGF is the sole creditor on the Petition, and Polymer80 disputes that it owes any debt to SGF. *See Seko Inv.*, 156 F.3d at 1009 and n.7 (providing that a "creditor may not be able to establish that [a debtor] is 'generally not paying' his debts", and "instead disputes whether it owes a debt overall."). 11 U.S.C. § 303(h)(1) therefore provides an independent basis for this Court to reject and dismiss the Petition.

### C. Polymer80 Should be Awarded Attorneys' Fees and Costs and/or Punitive Damages

Upon dismissal of the Petition, the Court is empowered to award Polymer80 its reasonable attorneys' fees and costs. In addition, upon a finding of bad faith, the Court is empowered to award Polymer80 for any damages proximately caused by the Petition or punitive damages. The procedural posture of the Lyon County Action and the identities of the signatories to the Petition demonstrate that the Court should exercise its discretion to penalize SGF and make an award to Polymer80.

The Lyon County Action was set to go to trial in one month – on August 19, 2025. *See supra* Part I ¶ 10. Further, SGF was facing a Motion to Compel in the Lyon County Action. *Id.* ¶ 17. Rather than provide Polymer80 with discovery documents owed for 18 months, and rather than face trial or discovery repercussions in the Lyon County Action, SGF filed the Petition as a litigation tactic to buy itself time and burden Polymer80.

Courts have identified standards for determining whether an involuntary petition is filed in bad faith. The following standards have been utilized:

(1) *subjective test*–based on the petitioning creditor's motivation-i.e. harassment rather than collection.

(2) *improper purpose test*–why did the creditor file-i.e. to harm the debtor's business?

(3) *objective test*–what would a reasonable person in the petitioning creditor's position have done?

(4) *improper use*–does the creditor's action take disproportionate advantage of other creditors–i.e. to reduce an obligation on a guaranty or use the bankruptcy process as if it were the creditor's own private collection agency?

(5) *combined objective and subjective*–similar to that used in Federal Rule of Bankruptcy Procedure 9011.

(6) *nose test*–if "it smells like bad faith, it's got to be bad faith."

In re Mi La Sul ("*Mi La Sul*"), 380 B.R. 546, 554 (Bankr. C.D. Cal. 2007).

Courts disfavor the use of involuntary petitions as a litigation tactic. *See, e.g. In re PTGi International Carrier Services, Inc.*, 668 B.R. 517, 521-522 (Bankr. D. Del. 2025) ("[t]his Court finds that [petitioner] filed the involuntary petition in bad faith because [petitioner] is attempting to use it as a litigation tactic, to obtain a disproportionate advantage for themselves, . . ., and because the filing had suspicious timing."); *see also Mi La Sul*, 380 B.R. at 556 (finding the filing of an involuntary petition to trigger an automatic stay "falls squarely within the category of the improper use of 11 U.S.C. 303 . . . ."); *In re Ballato*, 252 B.R. 553, 558 (Bankr. M. D. Fla. 2000) (finding bad faith where the petition was a two-party dispute, and where petitioner "failed to present[] any evidence that in general, the [d]ebtor was not paying his debts as they became due.").

SGF fails all of the "bad faith" tests.

- "Subjective Test": SGF filed its Petition after two years of litigation and a month before trial in the Lyon County Action, demonstrating that its motivation was harassment and/or improper litigation maneuvering rather than collection.

- "Improper Purpose Test": SGF clearly filed the Petition to avoid its discovery obligations and to continue trial in the Lyon County Action.

- "Objective Test": no reasonable person would act in a way to stay the civil case on the eve of trial if his or her claims had merit.

- "Improper Use": SGF's action serves as forum-shopping to avoid the repercussions of a probable discovery sanction entered in the Lyon County Action.

- "Nose Test": the timing of the filing of the Petition fails the smell test.  Further, SGF's filing lacks any bankruptcy purpose as no other creditors have been identified.

8

In addition to the foregoing, **the Petition was filed by** SGF's attorney in the Lyon County Action – Seth Adams – as well as by **Chase Myers on behalf of SGF – the same Chase Myers who was acting Chief Legal Officer for Polymer80 at the time the Promissory Notes were executed** and the same Chase Myers who is a counterdefendant in the Lyon County Action.  *See* ECF No. 1 at 3.  Chase Myers may be found individually liable at the conclusion of a trial in the Lyon County Action.  Consequently, Chase Myers has an independent motivation to prevent the Lyon County Action from proceeding.

The Petition reeks of bad faith and the Court should find that dismissal of the Petition is appropriate, and an award to Polymer80 is warranted.

## IV. CONCLUSION

Based on the foregoing, Polymer80 respectfully requests that this Court GRANT its Motion and dismiss the involuntary petition.

DATED this 16th day of July 2025.

SIMONS HALL JOHNSTON PC

__/s/ *Mark G. Simons*_____
Mark G. Simons, Esq.
Brad M. Johnston, Esq.
Duncan G. Burke, Esq.
SIMONS HALL JOHNSTON PC
22 State Route 208
Yerington, Nevada 89447
bjohnston@shjnevada.com
dburke@shjnevada.com

*Attorneys for Polymer80, Inc.*

9

**PROOF OF SERVICE VIA ELECTRONIC SERVICE**

I, Mark G. Simons, declare:

I am employed in the City of Reno, County of Washoe, State of Nevada by the law offices of Simons Hall Johnston PC. My business address is 690 Sierra Rose Drive, Reno, Nevada 89511. I am over the age of 18 years and not a party to this action.

On July 16, 2025, I electronically filed the above and foregoing **MOTION TO DISMISS INVOLUNTARY CHAPTER 7 PETITION** and its exhibits with the Clerk of the Court using the CM/ECF system which will then send notification of such to the following counsel of record:

> SETH J. ADAMS
> Nev. Bar No. 11034
> sadams@woodburnandwedge.com
> 6100 Neil Rd., Suite 500
> Reno, Nevada 89511
> Telephone: (775) 688-3000
>
> Attorney for Petitioner

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on July 16, 2025.

/s/ Mark G. Simons
Employee of Simons Hall Johnston PC

10

**EXHIBIT INDEX**

| EXHIBIT NO. | DESCRIPTION | NO. PAGES |
|---|---|---|
| 1 | Declaration of Duncan G. Burke | 2 |
| 2 | Lyon County Action Complaint | 5 |
| 3 | Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction | 8 |
| 4 | Application for Pre-Judgment Writ of Attachment | 8 |
| 5 | Order Denying Emergency Relief | 2 |
| 6 | First Amended Answer and Counterclaim | 13 |
| 7 | Case Management and Trial Scheduling Order | 3 |
| 8 | SGF's Responses to Polymer80's First Requests for Production | 13 |
| 9 | Amended Case Management Trial Scheduling Order | 3 |
| 10 | Second Amended Answer to Complaint and Counterclaim | 16 |
| 11 | Motion to Compel | 16 |
| 12 | Opposition to Motion to Compel | 3 |
| 13 | Reply in Support of Motion to Compel | 6 |
| 14 | Order Staying Matter Pending Bankruptcy | 2 |