# EXHIBIT 2

EXHIBIT 2

Seth J. Adams, Esq.
Nevada State Bar No. 11034
**WOODBURN AND WEDGE**
6100 Neil Road, Suite 500
Reno, Nevada 89511
Telephone: 775-688-3000
Fax: 775-688-3088
Email: sadams@woodburnandwedge.com

*Attorney for Plaintiff STRYK GROUP FUND*

FILED
2023 MAR 10 PM 4:10
ANDREA A. JENSEN
COURT ADMINISTRATOR
THIRD JUDICIAL DISTRICT
Victoria Tovar    DEPUTY

**IN THE THIRD JUDICIAL DISTRICT COURT**

**IN AND FOR THE COUNTY OF LYON, STATE OF NEVADA**

| | |
|---|---|
| STRYK GROUP FUND, a Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>POLYMER80, INC., a Nevada corporation; POLYMER80 PROPERTIES, LLC, a Nevada limited liability company; LORAN KELLEY, JR., an individual; TWANA KELLEY, an individual; and DOES I through X, inclusive,<br><br>Defendants. | Case No. 23-CV-0527<br><br>Dept. I |

**COMPLAINT**

COMES NOW Plaintiff, STRYK GROUP FUND, by and through its counsel, Woodburn and Wedge, hereby complains and alleges as follows:

**PARTIES AND VENUE**

1. Plaintiff Stryk Group Fund ("<u>SGF</u>") is and was at all times relevant to this action, a corporation based in Delaware.

2. Defendant Polymer80, Inc. ("<u>P80</u>") is and was at all times relevant to this action, a Nevada-based corporation conducting business within Nevada.

3. Defendant Polymer80 Properties, LLC ("P80 Properties") is and was at all times relevant to this action, a Nevada-based limited liability company operating within Nevada.

4. Defendant Loran Kelley, Jr. is and was at all times relevant to this action, an individual residing within Nevada,

5. Defendant Twana Kelley is and was at all times relevant to this action, an individual residing within Nevada.

6. SGP and each and all of the above-named Defendants entered into certain promissory notes for the repayment of money which were secured by the assets of the Defendants P80 and P80 Properties, which are believed to be located in Lyon County, Nevada, amongst other locations. The acts and omissions complain herein occurred and caused harm within Lyon County, Nevada, the amount in controversy exceeds $15,000, and therefore this County is the proper venue for this dispute pursuant to NRS § 13.010(1).

## GENERAL ALLEGATIONS

7. Plaintiff incorporates all other allegations of this Complaint as though fully set forth herein.

8. On October 4, 2022, Plaintiff SGF and each and all of the above-named Defendants, collectively and interchangeably, entered into promissory note in the amount of Fourteen Million and 00/100 Dollars ($14,000,000.00) ("Note #1").

9. Also executed on October 4, 2022, SGF and each and all of the above-named Defendants, collectively and interchangeably, entered into a promissory note in the amount of Two Hundred Ten Thousand and 00/100 Dollars ($210,000.00) ("Note #2" and referred to collectively with Note #1 as the "Promissory Notes").

10. Executed in connection with the Promissory Notes was a Security Agreement whereby SGF was granted a security interest in the assets of Defendant P80 ("the "Security Agreement"). The Security Agreement was supplemented and perfected by the filing of a UCC Financing Statement in the official records of the County of Lyon, State of Nevada.

11. Based upon the ongoing defaults by Defendants associated with Note #1 and Note #2, including, but not limited to (1) Defendants' failure to make payments of principal under the Promissory Notes when due, (2) Defendants' failure to deliver monthly financial statements as required by the Promissory Notes, and (3) Defendant P80's sale of accounts receivable and

granting security interests in other Collateral (as defined in the above-referenced Security Agreement) to Fundamental Capital, LLC; Ace Funding Source, LLC; and Green Note Capital Partners SPV, LLC in violation of the Security Agreement, SGF caused to be delivered to the Defendants a Notice of Default and Demand for Payment on or about March 7, 2023.

12. To-date, as of the filing of this Complaint, the Defendants have not cured the aforementioned defaults and as such, SGF has been forced to retain the services of an attorney and bring this action seeking monetary relief as well as to seek, through pleadings accompanying this Complaint, appropriate injunctive and other relief to prevent the Defendants from selling, pledging, transferring or otherwise encumbering those assets which SGF has a preexisting security interest in, as well as those other assets of each and all of the Defendants which may be utilized as a means of satisfying any judgment SGF may obtain in this case.

## **FIRST CAUSE OF ACTION**
**(Breach of Contract)**

13. Plaintiff SGF incorporates all other allegations of this Complaint as though fully set forth herein.

14. The Promissory Notes and the accompanying Security Agreement constitute valid and enforceable contracts under Nevada law.

15. There was consideration for the promissory Notes and the Security Agreement.

16. SGF has performed all obligations under the parties' agreements for which SGF is responsible to perform.

17. Defendants, each and all of them, have breached the Promissory Notes and the Security Agreement.

18. SGF has suffered pecuniary loss due to Defendants' breach of the aforementioned agreements.

19. Defendants are liable for damages resulting from the breach of the agreements, in an amount in excess of $15,000, plus attorneys' fees, costs, and interest from the date of its breach.

///

///

///

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith & Fair Dealing)

20. Plaintiff SGF incorporates all other allegations of this Complaint as though fully set forth herein.

21. There is a covenant of good faith and fair dealing implied in every agreement entered into within the state of Nevada, including the Promissory Notes and Security Agreement between SGF and Defendants.

22. Defendants breached their duty to act in good faith under Nevada law by performing, and failing to perform, under the Promissory Notes and Security Agreement in a manner that was unfaithful to the purpose of those agreements, and SGF's justified expectations were thus denied.

23. Defendants further breached their duty to act in good faith by failing to perform under the Promissory Notes and Security Agreement with honesty in fact and the observance of reasonable commercial standards of fair dealing as obligated by Nevada law.

24. Due to the actions of Defendants, SGF suffered damages in an amount in excess of $15,000, for which SGF is entitled to the judgement amount to be determined at trial.

25. SGF has been required to engage the services of an attorney to pursue such judgment amount and SGF is entitled to recover its reasonable costs, attorneys' fees, and interest thereon.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff SGF prays for relief against each and all of the Defendants, jointly and severally, as follows:

1. For damages in excess of $15,000.00 the exact amount to be determined at trial, for each and every claim for relief alleged herein;

2. For special damages, including without limitation, reasonable attorneys' fees and costs incurred in bringing this action;

3. For punitive damages incurred as a result of Defendants' conduct as set forth herein; and

///

///

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

4

4. For such other and further relief as this Court deems just and proper.

## Affirmation

The undersigned affirms this document does not contain the personal information of any person as defined by NRS 239B.030 and NRS 603A.040.

DATED this 10th day of March, 2023.

WOODBURN AND WEDGE

By: _____
SETH J. ADAMS
Nevada State Bar No. 11034
6100 Neil Road, Suite 500
Reno, Nevada 89511